## THE SIROCCO.

(*District Court, E. D. New York.* May 10, 1881.)

1. SEAMAN'S WAGES—FISHING VESSEL—LIEN—EVIDENCE.

> Where a cook and a seaman employed on a fishing vessel each libelled her for wages, and it appeared that the owners were to have one-third of the menhaden caught, and the master and crew the other two-thirds in lieu of wages, *held*, that clear proof of an agreement to rely upon personal credit alone is required to defeat the lien of seamen upon the vessel for their pay. Upon slight or contradictory proofs of such waiver the presumption of the maritime law must control.

In Admiralty.

*Samuel B. Caldwell*, for libellants.

*F. P. Bellamy*, for claimant.

BENEDICT, D. J. These actions are brought to recover for services performed on board the fishing sloop Sirocco. The libellant Billard was cook, and the libellant Biggs was a seaman. The service is not denied, and there is no dispute as to the amount due. The only question is whether the libellants acquired a lien upon the boat by reason of their services performed on board thereof. The presumption of the maritime law is that services performed by seamen on board a vessel are rendered upon the credit of the vessel, as well as that of the master and owners, and by that law seamen acquire a lien for their wages in all cases, unless it be made to appear that a waiver of the lien and an exclusively personal credit formed part of the contract of hiring. In respect to a lien the services of a cook performed on board a vessel are placed upon the same footing as those of a mariner. The same is true of the services of one employed at monthly wages to discharge the duties ordinarily performed by the crew of a fishing-boat, although such services do not pertain exclusively to the navigation of the vessel. The proofs show that this vessel was employed in menhaden fishing, under an agreement between the owners and the master that the owners should receive one-third of the proceeds of the fish caught, the master and crew to receive the other two-thirds

and pay all expenses. The libellants were each of them hired by the master of the boat on monthly wages, and, it may be fairly inferred, were aware of the arrangement between the master and owners under which the boat was employed. These facts are not sufficient, however, to deprive the libellants of a lien. *The Sloop Canton,* 1 Sprague, 440; *The Galloway C. Morris,* 2 Abb. 168: *Flaherty* v. *Doane,* 2 Low. 150.

It was necessary for the claimant to go further, and show that the libellants agreed to waive a lien upon the vessel and rely upon a personal credit alone. In regard to the libellant Biggs, I find no testimony other than what is above stated. In regard to the libellant Billard, the master testifies that when he was hired Billard was told he was to look to the captain and crew for his pay. The libellant denies this,—not in so many words, it is true, for he was examined by deposition before the master was examined, and was not recalled; but, in substance, his testimony is to the contrary of that of the master in regard to being told that he was to look to the captain and crew for his pay. It also appears that when Billard was discharged he asserted his right to a lien on the vessel, and, according to his testimony, the master then conceded that he had such a right. But the master denies this, and says that the existence of such a right was denied.

In this state of the evidence I am unable to say that an agreement to rely upon personal credit has been proved. The presumption of the law must, therefore, control, and the libellant Billard, as well as the libellant Biggs, be awarded a decree for the wages due them respectively. Only one bill of costs will be allowed, unless good reason be shown for bringing two suits.